# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 52723-5-II |
| DAVID JAMES DAMON ALEXANDER, | |
| Petitioner. | UNPUBLISHED OPINION |

MELNICK, J. — David Alexander seeks relief from personal restraint imposed as a result of his 2016 plea of guilty to two counts of third degree assault. He argues that the Department of Corrections (DOC) has acted arbitrarily and capriciously in refusing to release him early from his term of confinement. He became eligible for release on November 25, 2018.

Before an offender can be released under earned early release, he must obtain approval by the DOC of his release location. RCW 9.94A.703(2)(e). The DOC can reject a proposed release location if that location may "place the offender at risk to reoffend, or present a risk to victim safety or community safety." RCW 9.94A.729(5)(c).

Alexander's proposed release location was with his fiancée and her teenage daughter. The DOC rejected this location based upon Alexander's history of violence and the isolated nature of the location. That history includes the two assaults for which he is currently confined, a 2000

No. 52723-5-II

California battery conviction and assault convictions in 2006, 2010, and 2012.[1] Given this history of assaultive behaviors, Alexander does not show that the DOC acted arbitrarily or capriciously in rejecting his proposed release location.

Alexander does not present any grounds for relief from restraint. We therefore deny his petition. His request for appointment of counsel is denied.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MELNICK, J.

We concur:

MAXA, C.J.

LEE, J.

---

[1] Alexander's motion to strike the reference to a rape from the DOC's response is granted. That is only an allegation, contained in a police report, not an adjudicated fact.

2